UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 5:19-CV-108-HRW-EBA

SHANNON BURGHER,                                                                    PLAINTIFF,

V.                          **RECOMMENDED DISPOSITION**

KEITH HELTON,                                                                        DEFENDANT.
*Warden*,

\*\*\* \*\*\* \*\*\* \*\*\*

On March 13, 2019,[1] Petitioner, Shannon Burgher, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. DE #1 (Petition). Pursuant to 28 U.S.C § 636(b), and per normal practice, this matter has been referred to the undersigned for a recommended disposition.

The Court, upon full review, finds the application second or successive and **RECOMMENDS** that the District Court **TRANSFER** Burgher's petition (DE #1) to the Sixth Circuit pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]hen a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization by [the Sixth Circuit], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631."); *see also* Rule 9, Rules Governing Section 2254 Proceedings for the United States District Courts. On this record, and in this unusual procedural posture, Burgher's petition is second or successive and, at this stage, is not certified as required by § 2244(b)(3)(A).

---

[1] The filing date reflects the prison mailbox rule. *See Richard v. Ray*, 290 F.3d 810, 812–13 (6th Cir. 2002) (*per curiam*). Here, Burgher declared under penalty of perjury that he executed and placed the § 2254 petition in the prison mailing system on March 13, 2019. [R. 1 at 16].

1

## I. Facts and Procedural History

In his motion, Burgher indicates that he wishes to challenge his 2007 conviction for murder and kidnapping in the Powell County Circuit Court in Stanton, Kentucky. [R. 1 at 1]. Petitioner asserts the following claims: (1) the sentencing court's failure to modify a *jurisdictionally*-incorrect sentence violated his Eighth Amendment right to be free from cruel and unusual punishment (Ground 1); (2) because "[t]his same leniency [had been] afforded to many others" his Fourteenth Amendment rights were violated when the sentencing court denied his motion to reduce his sentence (Ground 2); and (3) the sentencing judge's failure to undergo a proportionality analysis violated his liberty interest (Ground 3) [*Id.* 5-10]. This is not, however, Burgher's first request for federal habeas relief.

The petitioner, by counsel, previously filed a section 2254 petition in the Eastern District of Kentucky on March 15, 2013. *Burgher v. Meko*, No. 5:13-CV-73-WOB-REW (E.D. Ky. 2014), *available at* DE #1. In his petition, Petitioner alleged one claim of trial court constitutional error: that his Sixth Amendment and Fourteenth Amendment rights were violated when the state court "fail[ed] to grant a hearing on the issue of actual or implied bias of three jurors once it was discovered prior to sentencing that all three jurors had familial and or/personal relationships to the victim in a kidnapping and murder case." *Id.*, DE #1-4, at 6. In sum, United States Magistrate Judge Robert E. Wier recommended that the District Court dismiss that matter because "Burgher ha[d] not established that the Commonwealth's treatment was contrary to or an unreasonable application of clearly established Supreme Court law." *Id.*, DE #18 at 15. It was further recommended that no certificate of appealability be issued, as no "substantial showing" had been made, pursuant to 28 U.S.C. § 2253(c)(2). *Id.* at 16. On August 12, 2014, District Judge Bertelsman adopted this Court's

recommendation and dismissed Burgher's 28 U.S.C. § 2254 petition, declined to issue a certificate of appealability, and entered a judgment in favor of the Respondent. *Id.* at DE ## 20, 21.

## II. Successive Petition

This Court cannot grant the Petitioner's motion. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court does not have jurisdiction to entertain a successive post–conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the United States Court of Appeals for the Sixth Circuit. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curiam*). Moreover, 28 U.S.C. § 2244(b)(3)(A) clearly provides that only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus. *Id.*

Therefore, this Court is without jurisdiction to grant Burgher's permission to file a second or successive § 2254 petition. Such a motion can only be granted by the Court of Appeals for the Sixth Circuit. The Sixth Circuit, in turn, will grant such permission only if Petitioner succeeds in making a prima facie showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review; or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S.C. § 2244(b)(2).

The Sixth Circuit described the procedure to be followed when a petitioner moves a district court for permission to file a second or successive petition in *In re Sims*:

> [W]hen a prisoner has sought § 2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.

*Id.* at 47.

### III.  Conclusion

Accordingly, for the reasons discussed above, the Court **RECOMMENDS** that the District Court **TRANSFER** the petition for writ of habeas corpus (DE #1) to the Sixth Circuit pursuant to 28 U.S.C. § 1631 for proceedings in accordance with 28 U.S.C. § 2244(b) and Rule 9 of the Rules Governing Section 2254 Proceedings for the United States District Courts. *See Id.* at 47 (endorsing transfer as proper method under § 1631). On this record, the Court is without jurisdiction to assess the merits of Burgher's claims.

\* \* \* \* \*

Particularized objections to this Report and Recommendation must be filed within fourteen (14) days of the date of service of the same or further appeal is waived. 18 U.S.C. § 636(b)(1); *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Bituminous Cas. Corp. v. Combs Contracting Inc.*, 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). Generalized objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

This the 21st day of March, 2019.



Signed By:
*Edward B. Atkins* $\mathcal{EBA}$
United States Magistrate Judge